WEST TRAVEL, INC., Plaintiff, v. UNITED STATES, Defendant.

Court No. 98–09–02785

Dated: April 25, 2006

*Lane, Powell, Spears, Lubersky, LLP* (*Diane M. Butler*) for plaintiff.
*Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, *Todd M. Hughes*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Tara K. Hogan*), *Richard McManus*, Office of the Chief Counsel, United States Bureau of Customs and Border Protection, of counsel, for defendant.

## OPINION

RESTANI, Chief Judge: This is a companion case to *West Travel, Inc. v. United States*, No. 98–09–02786, (Slip Op. 06–57) issued simultaneously herewith, and which should be considered herewith. The facts of the two cases are the same, except that the Harbor Maintenance Tax (26 U.S.C. § 4461 *et seq.* (2000)) ("HMT") payments sought to be recovered in this action were made within the two-year statute of limitations for 28 U.S.C. § 1581(i) (2000) juris-

---

diction cases, and plaintiff has reduced its claim to $30,833.99. The issue before the court is whether plaintiff should be permitted to amend its complaint alleging constitutional infirmity to one alleging a statutory exemption under 26 U.S.C. § 4462(b), for "cargo" loading or unloading at Alaska ports.

As in the companion case, 28 U.S.C. § 1581(a) protest denial jurisdiction was not perfected. Thus, the court asks whether plaintiff could have pursued actions that would have resulted in 28 U.S.C. § 1581(a) jurisdiction, and if so, whether plaintiff, nonetheless, may pursue its statutory exemption claim in this 28 U.S.C. § 1581(i) action.

The general rule is that one may not maintain an action under the residual jurisdiction provision of 28 U.S.C. § 1581(i) if another provision of § 1581 would have been available. *See Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987). The Federal Circuit has loosened that principle somewhat. Although it (and the Supreme Court, *see U.S. Shoe Corp. v. United States*, 523 U.S. 360, 365–66 (1998)) had permitted constitutional challenges to the HMT statute to go forward under § 1581(i), in *Swisher Int'l, Inc. v. United States*, 205 F.3d 1358, 1365 (Fed. Cir. 2000), the court recognized an administrative refund procedure under 19 C.F.R. § 24.24(e), the results of which could be protested, leading to § 1581(a) jurisdiction. The reasons for allowing these dual paths to jurisdiction were varied. One reason was that any real decision-making by the then United States Customs Service ("Customs") on a constitutional challenge to a statute was impossible, making exhaustion of administrative remedies for § 1581(a) jurisdiction futile. *Swisher*, 205 F.3d at 1363–65. Further, early on, Customs did not endorse the administrative refund denial route for HMT constitutional claims,[1] making § 1581(i) available because of lack of a practical remedy in pre-*U.S. Shoe* days.[2] Nonetheless, under 19 C.F.R. § 24.24(e), Customs did have a refund procedure in place, which provided a path to § 1581(a) jurisdiction for constitutional challenges, but plaintiffs were not penalized by having these claims rejected because of the "availability" of a route to protest jurisdiction. They were permitted to treat that course of action as futile for purposes of constitutional litigation and to rely on § 1581(I) jurisdiction if they so chose.

Plaintiff's claim is not in the same class of futile claims. Plaintiff asserts a statutory exemption, not a constitutional claim. Presumably, Customs could review the facts and apply the exemption if it were warranted.[3] With respect to the controlling legal principle, this

---

[1] Customs took the position, later discredited in *U.S. Shoe*, that parties were required to protest the receipt of HMT payments by Customs. *See U.S. Shoe*, 523 U.S. at 365.

[2] The companion case addresses in detail why the refund remedy was available to plaintiff here, in a practical sense.

[3] The court does not opine as to the merits of plaintiff's claim.

case is not unlike *NuFarm America's, Inc. v. United States*, 398 F. Supp. 2d 1338, 1348–52 (CIT 2005), wherein the court held that a plaintiff must administratively exhaust its challenge to a Customs regulation, and that 28 U.S.C. § 1581(a) and (i) do not provide concurrent jurisdiction, except in situations similar to the constitutional challenge in the HMT cases. *See also M.G. Maher & Co., Inc. v. United States*, 26 CIT 1040, 1041 (CIT 2002) (challenge to a Customs HMT regulation must proceed under 28 U.S.C. § 1581(a)). *NuFarm* and *M.G. Maher* nicely summarize the jurisdictional authorities with regard to lack of concurrent jurisdiction under § 1581(a) and (i), and the court will not repeat the survey.

The allegations plaintiff asserts in its motion for summary judgment essentially constitute a new complaint based on a statutory right. There must be appropriate jurisdiction for such a complaint. While plaintiff's refund claims are not time-barred for purposes of 28 U.S.C. § 1581(i), jurisdiction to hear them does not exist under § 1581(i) because a 28 U.S.C. § 1581(a) remedy was legally and practicably available. Plaintiff has not perfected jurisdiction under 28 U.S.C. § 1581(a). Accordingly, plaintiff is not permitted to amend its complaint and this action will be dismissed.